UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X
ROBERT EICHER,

                    Plaintiff,

      -against-

MACQUARIE INFRASTRUCTURE
MANAGEMENT (USA) INC., TAURUS
AEROSPACE GROUP, and JIM PRADETTO,

                    Defendants.
------------------------------------------------ X

MEMORANDUM DECISION
AND ORDER

12 Civ. 5617 (GBD)

GEORGE B. DANIELS, District Judge:

On or about June 15, 2012, Plaintiff Robert Eicher filed this action against defendants Macquarie Infrastructure Management (USA) Inc. (a Delaware corporation with its principal place of business in New York), Taurus Aerospace Group, Inc. (a Delaware corporation with its principal place of business in Washington), and Jim Pradetto (a resident of Arizona), in the Supreme Court of State of New York. Before service was effectuated on any of the defendants,[1] Macquarie and Taurus (the "Removing Defendants") became aware of its filing. They removed the case to this Court on July 20, 2012. Plaintiff now moves to remand this action to New York State Supreme Court on the basis that prior to service on any defendant, removal was untimely and improper. Plaintiff also seeks an award of attorneys' fees and expenses incurred in making his motion.

---

[1] Service was subsequently effectuated on the Removing Defendants between July 30, 2012 and August 1, 2012. Whether Defendant Pradetto was ever served is unclear.

## Removal Standard

Under the removal statute, defendants may remove an action from state court if it originally could have been brought in federal court.[2] 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based." *Id.* § 1446(b)(1). When the sole basis for removal is § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statutes narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (internal quotations omitted)). Remand may be ordered for any defect in the removal procedure. 28 U.S.C. § 1447(c).

In diversity cases, 28 U.S.C. § 1441(b) imposes a condition above the requirements of original diversity jurisdiction, known as the "forum defendant rule." Under the forum defendant rule, an action can be removed on the basis of diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b).

---

[2] Plaintiff does not dispute that this case could have originally been brought in this Court under the federal diversity statute, 28 U.S.C. § 1332.

2

The Forum Defendant Rule

Plaintiff argues that removal is improper under the forum defendant rule because one of the Removing Defendants, Macquarie, is a citizen of New York. Plaintiff contends that although on its face, the forum defendant rule only precludes removal where a forum defendant is "properly joined and served," permitting removal in this case is inconsistent with the purpose of the rule. Defendants argue that the plain meaning of the statute permits removal if no defendant has been served prior to removal, and because none had been served here, removal was proper.

The forum defendant rule is grounded in the rationale for diversity jurisdiction. "The historical rationale for diversity jurisdiction was that out-of-state parties might be subjected to undue prejudice in state courts, and thus ought to be afforded the opportunity to have their cases tried in an impartial forum." *Prudential Oil Corp. v. Phillips Petroleum Co.*, 546 F.2d 469, 475 (2d Cir. 1976) (quoting *O'Brien v. AVCO Corp.*, 425 F.2d 1030, 1033 (2d Cir. 1969) (internal quotations omitted)); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1188 (2010) (the "basic rationale" of diversity jurisdiction is "opening the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties."). The need for this protection evaporates in cases where a defendant is a citizen of the state in which the case is brought. *See Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006). The forum defendant rule codifies this basic rationale.

The purpose of the "joined and served" requirement within the forum defendant rule is to prevent a plaintiff from blocking removal by joining a resident party as a forum defendant against whom it does not intend to proceed or serve. *See Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F.Supp. 2d 177, 181 (S.D.N.Y. 2003). The "joined and served" language was meant to prevent a plaintiff from improperly exploiting this limit on removal. *See Sullivan v.*

3

*Novartis Pharmaceuticals Corp.*, 575 F. Supp. 2d 640, 643-44 (D.N.J. 2008). Given this purpose, an interpretation of the properly "joined and served provision that promotes similar gamesmanship by defendants through allowing removal before a plaintiff has a meaningful chance to serve any defendant both undermines the general purpose of the forum defendant rule (i.e. to keep certain cases in state court) and inappropriately prevents plaintiffs from litigating in the forum of their choice." *Standing v. Watson Pharmaceuticals Inc.*, Civ. No. 09-0527 DOC(ANx), 2009 WL 842211 at *4 (C.D. Cal. Mar. 26, 2009).

Although the plain meaning of a statute is generally controlling absent some ambiguity in the language, a court may look outside the text where a literal application "would lead to an absurd result." *Louis Vuitton v. Malletier S.A.v. Ly USA, Inc.*, 676 F.3d 83, 108 (2d Cir. 2012) (internal citations omitted). A number of courts outside of this circuit have found that the Defendants' proffered interpretation of the forum defendant rule in a case such as this, "runs contrary to congressional intent and the purpose behind the rule" and leads to an absurd result. *See, e.g., Standing*, 2009 WL 842211 at *4; *Sullivan*, 575 F. Supp. 2d at 643-44 (citing cases); *Oxendine v. Merck and Co., Inc.*, 236 F. Supp. 2d 517, 524-25 (D. Md. 2002).[3] The reasoning of these courts, though not binding, is compelling. *See also* 16 James Wm. Moore, et al., *Moore's Fed. Prac.* § 107.14(e)(i) (3d ed. 2013) (noting that "the modern trend" is not to permit removal where there is a forum defendant, merely because no defendant has been served).

Under the Defendants' proffered interpretation of the forum defendant rule, defendants could effectively prevent imposition of the rule by monitoring state dockets and removing the action before a plaintiff can serve any of the parties. Congress, sitting in 1948, could not

---

[3] *See also Vivas v. Boeing Co.*, 486 F. Supp. 2d 726 (N.D.Ill. 2007); *Holmstrom v. Harad*, 2005 WL 1950672 (N.D.Ill. Aug. 11, 2005); *In re Darvocet, Darvon & Propoxyphene Prods. Liability Litig.*, No. 11-md-2226 (DCR), 2012 U.S. Dist. LEXIS 99835 at *42 (E.D. Ky. July 17, 2012); *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 861 (N.D. Ohio 2008).

4

possibly have foreseen the technological advances which have created this consequence, and certainly did not intend such a result. *C.f. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 n.5 (1999) (noting that Congress could not have foreseen the rise in electronic transmissions when drafting legislation in the 1940s). Accordingly, permitting removal under these circumstances is inappropriate. A defendant cannot properly remove an action against it by filing a notice of removal prior to service on any defendant where the complaint indicates that one of the defendants is a resident of the forum state.[4]

### Attorneys' Fees and Expenses

Plaintiff argues that upon remand, he is entitled to an award of attorneys' fees and expenses incurred in making his motion pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011). Given the unsettled nature of the law in this area and the paucity of binding precedent, the Removing Defendants did not lack an objectively reasonable basis for seeking removal. Plaintiff's application for an award of fees and expenses is denied.

---

[4] Plaintiff also contends (without any evidence whatsoever) that removal was untimely because the Removing Defendants must have "otherwise" received the June 15, 2012 filed complaint prior to June 20, 2012 (30 days before they filed their notice of removal). Plaintiff's argument is contrary to law. "[T]he commencement of the removal period [can] only be triggered by formal service of process, regardless of whether the statutory phrase 'or otherwise' hints at some other proper means of receipt of the initial pleading." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 202 (2d Cir. 2001) (citing *Murphy Bros., Inc.*, 526 U.S. at 353). Fed. R. Civ. P. 4(d)(1) also provides alternatively for waiver of service. Thus, the removal time period only commenced on or after July 30, 2012, once service was effectuated on a Removing Defendant. As the Notice of Removal was filed prior to the end of the removal period, removal was timely.

**Conclusion**

Plaintiff's Motion to Remand (ECF No. 8) is GRANTED. Plaintiff's Motion for Attorneys' Fees and Expenses is DENIED. The Clerk of the Court is directed to close this case and remand it to New York State Supreme Court, New York County.

Dated: New York, New York
       August 8, 2013

                            SO ORDERED:

                            GEORGE B. DANIELS
                            United States District Judge